### UNITED STATES of America

v.

### Oliver L. NORTH.

### Crim. No. 88–0080–02.

United States District Court, District of Columbia.

March 21, 1989.

## ORDER

GESELL, District Judge.

*Re: Defendant North's Motion (# 77) to Compel Compliance with Trial Subpoenas Duces Tecum Dated February 27, 1989 and March 14, 1989.*

*Motion of the House Permanent Select Committee on Intelligence to Quash in Part.*

The defendant has moved To Compel Compliance with Trial Subpoenas *Duces Tecum* Dated February 27, 1989 and March 14, 1989. The House Permanent Select Committee on Intelligence (HPSCI) has accommodated the Court by preparing its re-·

sponse overnight and, in a motion supported by the Independent Counsel, has moved to quash in part. On March 15, 1989, the Court briefly heard the parties on the motions.

The defendant's February 27, 1989 subpoena seeks a document entitled "Memorandum for the Record" relating to a May, 1984 meeting between a HPSCI Member and a senior CIA official. This Memorandum is mentioned in a chronology defendant received from HPSCI as a result of his prior subpoenas. The House has not asserted any privilege and has agreed to defer to the Court's rulings on materiality, but moves to quash with respect to any "staff views" expressed in the Memorandum. The Court is in agreement with the House. Opinions of committee staff members are not admissible in this case.

Defendant has already obtained extensive materials from HPSCI by a pretrial *duces tecum* subpoena. The jury has now heard the testimony of the Committee Chairman and there is extensive proof of the Administration's effort to limit disclosure of certain aspects of the Nicaraguan policy during Boland. It will unduly divert the jury's attention in mid-trial to initiate an inquiry into the extent to which members of HPSCI or its staff may have known or suspected they were being misled. The pretrial *duces tecum* subpoena produced sufficient evidence of possible concealment at this outer periphery of the case. The present subpoena is unduly broad, covering much information that is wholly immaterial.

The Court expects the House to turn over to the defendant the materials it agreed to provide in its Motion to Quash in Part. The motion of HPSCI to quash in all other respects is granted and the defendant's motion to compel is denied.

SO ORDERED.